No. 10,953.

PEOPLE, EX REL. DISTRICT ATTORNEY *v.* DISTRICT COURT, SECOND DISTRICT, ET AL.

Decided May 5, 1924.

Petition for mandamus by district attorney to secure his attendance at grand jury sessions.

*Alternative Writ Made Peremptory.*

1.  GRAND JURY—*Attendance of District Attorney.* Section 5979, C. L. '21, not only gives the district attorney the right to appear at all sessions of grand juries, but makes it his duty so to do.

*Original Proceeding.*

Mr. PAUL P. PROSSER, Mr. HORACE N. HAWKINS, Mr. HARRY S. SILVERSTEIN, Mr. KENNETH W. ROBINSON, for the relator.

Messrs. CRUMP & RILEY, Mr. OTTO FREDERICKS, Mr. CLAYTON C. DORSEY, Mr. E. M. SABIN, Mr. GEORGE P. STEELE, Mr. J. W. KELLEY, for respondents.

*En banc.*

PER CURIAM.

THE relator, in his petition to this court for a writ of mandamus, set out that the respondent, the said judge of the district court, had instructed the grand jury, among other things, as follows: "5. If you desire and request him so to do, it is the duty of the district attorney to appear before you in person or by his assistant to aid you in securing evidence, to call and examine witnesses, to advise you as to what evidence is or is not material and sufficient in law, and as to what acts constitute offenses against the criminal law. It is your right and privilege, however, to request the district attorney at any time to retire from the jury room during any of your proceedings."

That the respondents constituting the grand jury had convened under said instruction, had summoned a witness before it, and had attempted to examine the witness against his protest that he desired the presence of the district attorney when under examination; that the said grand jury had refused admission to the relator, and had denied him the right to appear and examine said witness; that thereupon, relator filed a petition and motion in the division of the district court over which said judge was then presiding, asking that section 5 of the instruction be stricken out, and that the court instruct the grand jury that it was the duty of the district attorney to advise them and be present to examine all witnesses; that said petition and motion were denied, and that the said grand jury continued to refuse to admit the relator, as district attorney, to their sessions, and refused to allow him to examine witnesses who were subpœnaed before it. Wherefore, relator prayed that a writ of mandamus issue requiring said judge to correct his instructions, and requiring the said grand jury to permit the relator, as district attorney, to be present at their sessions for the examination of witnesses, disclaiming, however, all right to be present during the grand jury's deliberations. The alternative writ was issued, and the respondents filed their separate answers to it. The answers having been considered by the court were taken and considered as motions to quash, presenting for consideration the correctness of the instruction, and the legality of the action of the grand jury thereunder.

The relator bases his claim of right to attend the sessions of the grand jury, and examine the witnesses, upon section 5979, C. L. 1921. That section reads as follows: "That in addition to the duties already prescribed by law, the district attorneys for the several judicial districts in the state of Colorado, shall appear in their respective districts at any and all sessions of all grand juries which may be convened in any county within their respective districts, and it shall be the duty of the district attorney to advise any grand jury convened within his district, and examine

witnesses which may be subpoenaed before any such grand jury."

This statute clearly not only gives the district attorney the right to appear at all sessions of grand juries, but makes it his duty so to do.

This is but a recognition and indorsement of a practice which has long prevailed, not only in many of the states, and in the federal courts, but in England. 28 C. J. 802; Wharton's Crim. Proc. (10th Ed.) § 1294; Bishop's New Crim. Proc. § 861; Chitty's Crim. Law, (5th Am. Ed.) p. 317; 2 Sawyer, 667. The presence of the prosecuting officer tends to expedite the work of the grand jury, and the knowledge of the facts there obtained is of advantage to him in the preparation and trial of the indictments returned.

The statute must be regarded as conclusive upon the question presented for determination, and the alternative writ, commanding said court to strike from said instructions paragraph 5, and to instruct the grand jury to admit the district attorney to any and all of its sessions (except deliberations) and to allow him to examine all witnesses who may be subpoenaed before it, and commanding said grand jury to admit the district attorney to any and all of its sessions (except deliberations) and to examine any and all witnesses brought before said body, is made peremptory.